## St. Clair Coal Company *versus* Martz.

1. When the only issue in a scire facias on a mechanic's lien is under the plea of payment, questions as to sufficiency of the lien are waived.

2. The lien of an architect employed to superintend a patent erection may be enhanced by the patent right, he being the owner.

3. A claim was for "a hoisting and dumping cage,"—erected at a leased coal-mine in Schuylkill county; it was filed against the right, title and interest of the lessee " to all that certain improvement, machinery, &c., which are part of and together make the erection known as the St. Clair Shaft Colliery." *Held*, that under the Act of February 17th 1858, the claim could be filed only against the specific improvement, and that the failure so to confine it was not waived by going to trial under the plea of payment.

4. Carey *v.* Wintersteen, 10 P. F. Smith 395; Lee *v.* Burke, 16 P. F. Smith 336, recognised.

March 5th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ. WILLIAMS, J., at Nisi Prius. ·

Error to the Court of Common Pleas of *Schuylkill county :* Of January Term 1872, No. 332.

In the court below this was a scire facias on a mechanic's lien, issued by George Martz against the St. Clair Coal Company, February 6th 1867.

The lien was filed under the Act of February 17th 1858, sect. 1, Pamph. L. 29, 2 Br. Purd. 1029, pl. 23. By this act the provisions of Mechanics' Lien Law of June 16th 1836 are extended to all improvements, &c., " erected or put up by tenants of leased estates on lands of others in the counties of Luzerne and Schuylkill, &c., provided that the lien, &c., shall extend only to the interest of the tenants or lessee therein and to the improvements, engines, pumps, machinery, screens, and fixtures erected," &c.

The company, defendants, were lessees of a right to mine coal on the lands of Carey, Hart and others in Schuylkill county.

The plaintiff as architect filed his claim February 5th 1867, "for $500 against all the right, title and interest of the St. Clair Coal Company of, in and to all that certain improvement, machinery and fixtures, which are parts of and make together the erection known as the St. Clair Shaft Colliery, situate on lands of Henry C. Carey, &c., partly in the borough of St. Clair and partly in the township of New Castle, county of Schuylkill, and containing four hundred acres more or less. The said colliery and lands having been leased by a certain Ell Hart from the said Henry C. Carey, &c., by article of agreement made and concluded the seventeenth day of March, A. D. 1862, for mining purposes.

[St. Clair Coal Co. *v.* Martz.]

" The said lease embraces two certain veins of coal, known, &c., and includes also the right to mine and carry away coal from the veins of coal on a certain triangle or gore of land, known as the Lee lands, and which adjoins the first described tract.   The time of said lease being twenty years from the date thereof, which said lease or articles of agreement, the said Ell Hart, by writing under his hand and seal, dated the 29th day of March, A. D. 1864, sold, transferred and assigned, and all his right, title and interest in the property, estate and term of years created and vested in him thereby, with the appertenances, to the St. Clair Coal Company. The breaker of the said St. Clair Shaft Colliery being of frame, and in length sixty-eight feet and in width in front ninety-four and a half, and in height eighty-four feet.   Said colliery contains one two-hundred horse power pumping engine, one forty-horse power breaker engine, and one eighty-horse power hoisting engine with boilers, and all the necessary machinery attached, and the said George Martz files this his claim, against the said breaker building, as well as against the engines, machinery and fixtures thereon or connected therewith, and also against all the right, title and interest of the said St. Clair Coal Company in the said leasehold estate, as well as against all the machinery, improvements, slope railroads, fixtures and appertenances connected therewith, and necessary to the use and enjoyment of said leasehold estate and premises aforesaid.

" The amount claimed by the said George Martz as aforesaid is due for the erection of a patent improvement in hoisting and dumping coal to said breaker of the said St. Clair Shaft Colliery, and for superintending the erection of said improvement, from the 11th day of July, A. D. 1866, to the 11th day of November, A. D. 1866.   The statement hereto annexed sets forth the nature and kind of improvement erected as aforesaid, with the work and labor done, at the instance and request of the said St. Clair Coal Company.   The said patent improvement was granted to the said George Martz by the United States of America, by letters patent, dated the 13th day of October, A. D. 1866, and numbered 59,243."

The statement was as is set out in the lien.

The pleas were " nul tiel record," " payment with leave," and " set-off."

The case was tried June 19th 1871, before Ryon, P. J.

The plaintiff testified that the agent of the defendants asked him what he charged for his patent; he said $500.   He told plaintiff to go and take his plans to Allison and Bannan, and have them build it.   They built it under plaintiff's superintendence.   On the demand of payment by plaintiff, the agent refused to pay him anything except for his services.

He gave evidence also of the grant of the patent to him, and other evidence in support of his case.

The defendants gave evidence in contradiction of the plaintiff's testimony.

The defendants' points were :—

1. This lien is filed against the St. Clair Shaft Colliery and four hundred acres of land, &c., * * as well as a shaft and a slope and a lease for a term of years of the right to work portions of the "Seven Foot" and "Big White Ash" veins of coal, while the tract is not demised, and was intended to be a claim for work done and materials furnished to a lessee for a term of years; that the alleged work done and materials furnished was upon a mere part of the hoisting arrangements at the shaft, and the lien as claimed, therefore, upon all the machinery, fixtures and improvements, known as the St. Clair Shaft Colliery, and upon a leasehold estate of a four hundred acre tract of land, is null and void, and there can be no recovery in this suit.

2. The lien filed does not set forth the nature and kind of the work done and amount of materials furnished. It is for both, but does not specify how much for either, and is therefore void.

3. It does not describe the building or erection for which the work was done and materials furnished with precision, so as to identify it or distinguish it from any of the numerous buildings or erections that constituted said colliery, and is therefore void.

4. It does not show whether the alleged patented improvement was placed in a new erection, or whether it of itself constituted a new erection, or whether it is for repairs, alterations or additions in or to old erections or buildings, or new ones, and is therefore void.

5. The value of a patent right, or license to use the same, is not the subject of a mechanic's lien, and the demand for which this claim is filed is not lienable.

6. The lien is filed "for erecting a patent improvement in hoisting and dumping coal and for work and labor done in superintending the erection of said improvement; whereas it appears that the alleged patent improvement was erected or constructed by Allison & Bannan, and that all the plaintiff did was the superintending of its erection, or placing it at the shaft, and there is no evidence to show how much each part was worth.

7. The plaintiff having sought to recover as upon a special contract, he must file his claim for work done and material furnished according to the special contract as proved; that here his own testimony is that his contract was in part for drawings and superintending the erection and construction of the alleged improvements by Allison & Bannan, whereas his claim as filed is in part for the very work done by Allison & Bannan, and the claim filed

[St. Clair Coal Co. *v.* Martz.]

is not therefore according to the special contract, as proved by the plaintiff himself.

8. Upon the whole case, the verdict of the jury must be for the defendants.

The court charged:—

* * * "[Now, for the purposes of this case, we shall say to you that the lien is sufficiently descriptive upon its face, and sets out with sufficient certainty the nature and kind of work and materials, and the specification of the building upon which the same was done and performed.] The questions involving this question we will reserve.

"The plaintiff claims to recover upon a special contract. * * * Upon the other hand, the defendant claims that there was no contract for the use of this patent. * * * If the plaintiff recovers at all, he must do so upon this specific contract. [If you should believe Mr. Martz and others, and find from the whole evidence that there was a specific agreement by which the plaintiff was to have and the defendants agreed to pay the $500 for the use of the patent and Martz's superintendence in putting it up, the plaintiff should recover.]

"If, upon the other hand, you believe the testimony of Mr. Kendrick, that he made no contract by which the defendants were to pay $500 for the patent and the superintendence, and that no specific sum was agreed upon at the time this work was performed, &c., then the plaintiff is not entitled to recover.

"Again, you must be satisfied from the evidence that the building in lien filed is the same building proved as the one in which these cages were put and the work and labor of the plaintiff was done and performed."

The verdict was for the plaintiff for $632.50.

The defendants moved for judgment on the reserved point *non obstante veredicto.* The rule was discharged and judgment entered for the plaintiff on the verdict.

The defendants took out a writ of error, and assigned for error—

1, 2. The parts of the charge in brackets.

3. Refusing to enter judgment for the defendants *non obstante veredicto.*

4. Not affirming defendants' first point.

*G. E. Farquhar* and *F. W. Hughes,* for plaintiffs in error.— The lien of plaintiff extended only to the specific improvement: Esterley's Appeal, 4 P. F. Smith 192; Summerville *v.* Wann, 1 Wright 182.

*L. Bartholomew* and *E. O. Parry,* for defendant in error.— Plaintiff is entitled to a lien for his services: Bank of Pennsylvania *v* Gries, 11 Casey 423. After a plea of payment, the de-

[St. Clair Coal Co. *v.* Martz.]

fendants cannot take advantage of informality in the lien.   Formal objections to the validity of a mechanic's lien can be taken advantage of only under plea in abatement or motion to strike off before plea in bar is entered: Lybrandt *v.* Eberly, 12 Casey 347 ; Howell *v.* Philadelphia, 2 Wright 471 ; Richabaugh *v.* Dugan, 7 Barr 394 ; Lewis *v.* Morgan, 11 S. & R. 234 ; Sergeant's Mechanics' Lien Law 278.

The opinion of the court was delivered, March 16th 1874, by

SHARSWOOD, J.—In Lee *v.* Burke, 16 P. F. Smith 336, upon a scire facias on a mechanic's claim, when the parties went to trial upon the pleas of "no lien, payment, set-off with leave," it was held that no question of the sufficiency of the lien could arise on the trial of these issues ; that even the plea of "no lien" was necessarily confined to such questions of fact as might invalidate the lien—such as that it was not filed in time ; that the work was not done or the materials furnished on the credit of the building ; that the plaintiffs had bound themselves to file no claim, or that the building was not such a one as was within the Acts of Assembly.    But as to defects on the face of the claim filed, they are not raised by such a plea.    A *fortiori* is this so, when the only issue is upon the plea of payment.    The question as to the sufficiency of the claim can be raised on demurrer or by moving to strike off the lien ; but after pleading to the scire facias, it must be considered waived: Lehman *v.* Thomas, 5 W. & S. 262 ; Lybrandt *v.* Eberly, 12 Casey 347 ; Howell *v.* Philadelphia, 2 Wright 471.

In The Bank *v.* Gries, 11 Casey 423, it was decided that an architect employed to make the plan and drawings for a building, and to direct and oversee its erection in accordance therewith, is within the provision of the Mechanics' Lien Law, and entitled to a lien against the building for his labor.    That the value of the services of such an architect might be enhanced by a patent right of which he was the proprietor, can hardly be doubted ; and if a specific agreement is made with him for a certain sum for the use of his patent and his superintendence in putting it up, he is certainly entitled to file a lien for that amount and to recover it upon proceeding by scire facias.

As we have seen that the question of sufficiency of the lien was not involved in the issue of facts presented on the pleading, it could not be the subject of a reservation ; and even if the lien was insufficient on its face, no judgment *non obstante veredicto* could have been properly entered.

This disposes of all the errors assigned, except the fourth, which remains to be considered.    The lien was filed against all the right, title and interest of the. St. Clair Coal Company of, in and *to* all that certain improvement, machinery and fixtures which are part

[St. Clair Coal Co. *v.* Martz.]

of and together make the erection known as the St. Clair Shaft Colliery; the said colliery having been leased, &c., for mining purposes. The Act of Assembly under which this claim was filed was approved February 17th 1858, Pamph. L. 29, and is entitled "An Act relative to mechanics' liens in the counties of Luzerne and Schuylkill." It extends the provisions of the general Act of 1836 "to all improvements, engines, pumps, machinery, screens and fixtures erected or put up by tenants of leased estates on land of others in the counties of Luzerne and Schuylkill, and to all mechanics, machinists and material-men doing work or furnishing the articles or materials therefor: *Provided*, That the lien hereby created shall extend only to the interest of the tenant or tenants, lessee or lessees therein, and to the improvements, engines, pumps, machinery, screens and fixtures erected, repaired or put up by the mechanics, machinists, persons or material-men entering liens thereon." The claim of the plaintiff was for work done in the erection of a patent hoisting and dumping cage, yet the claim filed is against the entire leasehold interest in the colliery. The Act of Assembly gave the plaintiff no such lien. It confines the lien clearly to the interest of the lessees in the improvement and machinery upon which his labor and services were bestowed. Upon an execution on the judgment upon this scire facias, the leasehold interest in the entire colliery could be levied upon and sold. This fatal error in the claim, though not regularly, is substantially assigned. It certainly was not waived as merely formally defective and by going to trial on the issue of payment. In Carey *v.* Wintersteen, 10 P. F. Smith 395, where the lien was filed against the owners and not the lessees of "a certain frame engine and shaft-house," &c., judgment recovered on the scire facias was reversed on that account. For that reason the judgment in this case cannot be sustained. The defendants below were entitled to an affirmative answer to their first point.                Judgment reversed.