## Price *versus* Kirk.

1. An architect who simply provided the plans and specifications for a building, is not entitled to a lien against said building, for his labor.
2. Bank *v.* Gries, 11 Casey 423, distinguished.

March 26th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Chester county:* Of January Term, 1879, No. 98.

Scire facias sur mechanic's lien issued by Benjamin D. Price against William S. Kirk.

The claimed filed set forth:

"The amount claimed to be due is $195, for drawings, plans and specifications, and for labor and services in and about directing and overseeing the same, furnished from October 5th 1874, to November 29th 1875, by the claimant as an architect, for and about the erection and construction of said building."

The defendant pleaded that the work and labor set forth in the claim were not the subject of a mechanic's lien.

The case was heard without a jury by Butler, P. J., who found the following facts:

"That the plaintiff is an architect; that his claim is for preparing drawings and specifications for the house against which his lien

[*Price v.* Kirk.]

is entered and (in his own language) three visits to West Chester to locate the building and explain the drawings to mechanics. We find, however, that he visited West Chester but once to explain the drawings; that this was before the building was commenced and consumed a very short period of time. He did not superintend the construction of the house or have anything to do with it, other than has been stated."

The court also found that the lien was not filed in time, but this question was not raised at the trial.

In an opinion the court, inter alia, said:

"It is difficult to see how plaintiff can be held to have performed 'work for or about the construction of the building.' The claim filed is for 'drawings, plans and specifications, and for labor and services in and about directing and overseeing the same.' It is further stated that these plans were for the construction of a building. The drawings of plans and specifications of itself, is not 'work' within the meaning of the statute; not work in the ordinary sense of the term. An architect is not a mechanic or laborer. The plaintiff here has no better claim to a lien than the scrivener who copies specifications or draws contracts for the building or the surveyor who draws the plan upon the ground. Judgment must, therefore, be entered for the defendant."

This action was assigned for error by the plaintiff who took this writ.

*R. Jones Monaghan*, for plaintiff in error.—This case seems to be ruled by Bank *v.* Gries, 11 Casey 423. Services of the kind for which the plaintiff seeks the lien are embraced in the meaning of the statute. In rendering such services, a party certainly "performs labor," and furnishes labor and skill. The labor is performed and labor and skill furnished "for erecting" and "constructing" a building: Knight *v.* Norris, 13 Minn. 473.

*William B. Waddell*, for defendant in error.—It is submitted that the cases referred to by the plaintiff in error, were dependent on something more being done by the architect than merely drawing plans and specifications. He either superintended or assisted in superintending the erection of the building.

In Bank *v.* Gries, *supra*, the work was overseen and directed by the architect. See Rush *v.* Able, *post*, page 153.

The judgment of the Supreme Court was entered May 5th 1879,

PER CURIAM.—Without referring to the finding of the court that it would appear from the record and evidence that the lien was not filed within the time provided by the statute, we are of opinion that upon the facts as found by the learned judge, to whom it was submitted without the intervention of a jury, the plaintiff had no lien. In Bank *v.* Gries, 11 Casey 423, the architect was employed not

[Price *v.* Kirk.]

only to make plans and specifications for the building, but to direct and oversee its erection in accordance therewith. His claim, therefore, was for work done about the erection of the building within the words of the law. The mere drawing of the plan and writing out the specifications is no more of this character than would be the work of an attorney in preparing the contract.

Judgment affirmed.