## Hoekstra *v.* Hopkins, Appellant.

*Mechanics liens—Lien for drawings and plans and services as
superintendent—Breach of contract—Act of April 22, 1905, P. L. 286.*

In a scire facias sur mechanics lien, it appeared that the plaintiff
was employed by the defendant to draw plans and superintend the
remodeling of defendant's house; that the plaintiff was to receive
for his services ten per centum of the cost of the work; and that
six per centum of the estimated cost was to be paid on the delivery of the drawings, the balance to be paid monthly. Defendant
stopped work before the alterations were completed. Under such
circumstances it was error for the court to direct a verdict for the
plaintiff in a sum greater than ten per centum of the cost of the
work that had been done.

In such a proceeding the plaintiff can recover for his plans and
drawings only because of the fact that they are incidental to and
enhance his work of supervising the actual construction.

A mechanics lien can be sustained only for work and labor actually
performed; not for unliquidated damages for breach of contract. It
cannot be made to embrace anything, either labor or material, not
actually furnished.

Where the lower court directed a verdict which is too large and
the defendant moved for judgment non obstante veredicto, and assigned as error the refusal of the court to enter such judgment in
his favor, the appellate court is authorized by the Act of April 22,
1905, P. L. 286, to "enter such judgment as shall be warranted by
the evidence taken in the [lower] court."

Argued October 9, 1925.    Appeal No. 74, October T.,
1925, by defendant, from judgment of C. P. No. 4, Philadelphia County, September T., 1923, No. 2942, in the

16    HOEKSTRA *v.* HOPKINS, Appellant.

Statement of Facts—Opinion of the Court.    [87 Pa. Superior Ct.
case of Jesse T. Hoekstra v. James R. Hopkins. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Modified.

Scire facias sur mechanics lien. Audenreid, P. J., Finletter and McCullen, JJ.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the plaintiff in the sum of $2,061.24 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Lawrence Wetherill,* of *White and Wetherhill,* for appellant.

*Wesley H. Caldwell,* of *Roper and Caldwell,* for appellee.

Opinion by Keller, J., February 26, 1926:

Defendant appeals from a judgment for the plaintiff in a scire facias sur mechanic's lien. Plaintiff filed his claim, under the Act of June 4, 1901, P. L. 431, against defendant's house and the curtilage appurtenant thereto for work and labor furnished and supplied towards the erection and construction of the alterations and additions to defendant's dwelling—which had been damaged by fire—consisting of preparing and furnishing necessary preliminary sketches, physical surveys of the premises and working drawings for the alterations and additions and remodeling of said dwelling house, and, personally superintending and supervising the erection and construction of said alterations, additions and remodeling in accordance with said plans, and generally doing and performing all services as architect thereof. He averred and proved on the trial that by agreement with defendant he was to receive for his work and labor aforesaid the sum of ten per centum of

the cost of the work (estimated at $25,000), and his costs of transportation to and from the premises incident to the performance of said contract. Of this amount six per centum of the estimated cost, or $1500, was to be paid on completion and delivery of the working drawings, and the balance payable monthly as the work progressed; that defendant stopped work before said alterations and additions were completed and when work costing $12,600 had been done. Plaintiff claimed as a lien against defendant's property the sum of $2061.24, made up as follows: 6% on $25,000, $1500; 4% on $12,600, $504; $30.24 costs of transportation, and $27 for a certain revised detail drawing of the entrance hall and main stairway. No testimony was offered by defendant and the court below assumed that the defense was limited to the question of law as to plaintiff's right to recover and the amount recoverable, and directed a verdict for the full amount of plaintiff's claim. We think, on review of the whole record, the court was justified in its assumption and that it is too late now to defend on the merits of plaintiff's claim. We are of opinion, however, that the verdict as directed was too large, and as defendant moved for judgment non obstante veredicto and assigns as error the refusal of the court to enter such judgment in his favor, we are authorized by the Act of April 22, 1905, P. L. 286 to "enter such judgment as shall be warranted by the evidence taken in [the lower] court." See Gates v. Keichline, 282 Pa. 585, 594.

The $1500 which was payable, under plaintiff's contract with defendant, on completion and delivery of the working drawings, did not represent the value of plaintiff's work in connection with such plans and drawings, prior to his superintendence on the ground. The claim did not so aver and plaintiff on the trial distinctly testified to the contrary. When asked "What portion of your bill is for preparing plans and what

portion is for superintending the work?" he replied "I could not say. We never subdivide portions for plans and for superintending the work, but certain portions are due at certain times." And again, "Certain portions of the fee are due at certain times during the progress of the work, but that does not mean an apportionment of the fee as payment in full for certain portions of the work. Payments on account are as part of the total fee." Had it been otherwise, no mechanic's lien could have been filed for the amount apportioned to preparing the plans and drawings—and plaintiff's claim would have been limited to the balance apportioned for superintending: Price v. Kirk, 90 Pa. 47; Rush v. Able, 90 Pa. 153, 160; Bank v. Gries, 35 Pa. 423. His remedy for the contract price for the plans and drawings would have been by action in assumpsit: Dyer v. Wallace, 264 Pa. 169. He can recover for his plans and drawings in this proceeding only because of the fact that they are incidental to and enhance his work of superintending and supervising the actual construction: Bank v. Gries, supra; St. Clair Coal Co. v. Martz, 75 Pa. 384, 388; Prouse v. Stocker, 74 Pa. Superior Ct. 55. Nor can plaintiff recover in this proceeding for damages arising from defendant's breach of contract. A mechanic's lien can be sustained only for work and labor actually performed; not for unliquidated damages for breach of contract. It cannot be made to embrace anything, whether labor or material, not actually furnished: Dyer v. Wallace, supra, 174, 175; Deeds v. Imperial Brick Co., 219 Pa. 579, 582, 583.

It is clear, then, that the payment of $1500, which was to have been made when the working drawings were delivered, did not represent the value of plaintiff's work done at that time but was only a provision of the contract as to the periods of payment, irrespective of the value of services actually performed. If a contractor agrees to erect a building on force account,

receiving a commission of 10% of the cost for his services, and the contract provides that one-half of his estimated commission shall be paid him as soon as work is begun on the ground, that would not be the measure of his recovery in a mechanic's lien, if he were stopped immediately after beginning work; he could recover only his commission of 10% on the cost of the work actually performed, if he chose to file a mechanic's lien instead of proceeding by action in assumpsit. So we think, in this case, if the plaintiff elects to file his mechanic's lien for the value of his work and labor actually furnished to the building, the recovery is measured by ten per centum of the cost of the alterations and additions actually made at the time work was stopped, plus the cost of transportation incidental to such work. This would amount to $1260 plus $30.24, with interest from August 10, 1923. No lien can be filed for the revised detail drawing of the entrance hall, apart from superintending and supervising the operation: Price v. Kirk, supra; Bank v. Cries, supra; and the item of $27 must accordingly be omitted from the judgment. In so far as the work in connection with the entrance hall is included in the $12,600 performed when the work was stopped, it is allowed for in the value of 10% computed thereon.

The eleventh assignment of error is sustained to the extent indicated in this opinion. The judgment of the court below is modified by reducing it to the sum of $1,290.24 with interest from August 10, 1923.