## Philadelphia Gas Range Company v. Shallcross et al.

*Paul V. Forster*, for petitioner; *Bertram P. Rambo*, for lien claimant, contra.

KUN, J., December 12, 1933.—This case comes before the court on a rule to strike off a mechanic's lien filed by Philadelphia Gas Range Co. for installing a gas range and a kitchen cabinet in the erection and construction of a dwelling house. The real owner was allowed a motion to show cause why the lien

should not be stricken off, on the ground that no lien may be filed or maintained for a gas range and a kitchen cabinet. By stipulation filed in the cause, it was agreed by the parties that both the gas range and the kitchen cabinet are of the ordinary type; that the gas range is connected with the realty only through the connection with the gas pipe, merely stood on the floor, and if disconnected from the gas pipe could be removed without any damage to the structure or floor. It was also stipulated that the kitchen cabinet was portable and could be moved from place to place on its casters.

In support of the lien, reference is made to sections 2 and 3 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, the language of which, it is contended, is broad enough to sustain the lien. These sections provide that a lien may be filed for labor and materials supplied in the erection and construction of a structure and in "fitting up or equipment of the same for the purpose for which the improvement is made".

The stipulation of counsel states that the agreements of sale for this and other dwelling houses in the row call for the furnishing of a kitchen cabinet and gas range by the seller-builder. Obviously, the mere inclusion of the articles in the agreement of sale would not ipso facto make them a part of the realty.

The question involved is whether the sections of the Mechanics' Lien Act referred to may be so construed as to authorize the filing of a lien for the two articles mentioned, in view of the constitutional provision forbidding special legislation "providing or changing methods for the collection of debts". (Constitution, art. III, sec. 7.)

It has been uniformly held that all mechanics' lien legislation is special legislation, but that it will be sustained to the extent to which legislation upon the subject had gone at the time of the adoption of the Constitution of 1874, but no further. Provisions of the Act of 1901 creating new remedies, or conferring greater rights upon mechanics than they had under the law as it stood in 1874, or which are divergent from or are an advance upon the law as it was prior to the Constitution of 1874, are invalid.

In the leading case of Page v. Carr, 232 Pa. 371, 377 (1911), Mr. Justice Potter said:

"The result of the decisions above noted is to make it clear that any provision of the act of 1901 which is clearly divergent from, and is an advance upon the law as it stood prior to the constitution of 1874, is to be regarded as invalid. As the effect of sec. 13 is to grant to mechanics' liens a preference, and to give to them a priority of payment that they did not have, and to which they were not entitled prior to the present constitution, it must be held invalid. As the learned auditor says, 'The plain and practical result of the act is that the mechanic has in the enforcement of his liens, higher rights and greater privileges under the statute than he had prior to the constitution, which forbids the extension of the lien.' "

To the same effect, see Parkhill v. Hendricks, 53 Pa. Superior Ct. 9 (1913), where it was held that a mechanic's lien could not be filed for grading and sodding a lawn.

In Randall B. & L. Assn. v. Manayunk Realty Co., 260 Pa. 421 (1918), it was held that a lien could not be maintained for furnishing an asbestos curtain and scenery in a theatre although a necessary part of the equipment and at least in part attached to the realty. See also Sax v. School District, 237 Pa. 68 (1912), and Silfies v. Austin, 104 Pa. Superior Ct. 344 (1931).

Whether or not a valid lien may be filed for any special work done or materials furnished, therefore, depends upon the law as it stood at the time of the adoption of the Constitution, for if the right did not exist then it does not

exist now, and the provisions of the Act of 1901 which confer the right of lien for materials for which a lien could not be filed at the time of the adoption of the Constitution are invalid.

At the time of the adoption of the Constitution, the right of lien was in general limited to the work, labor and materials which entered into and formed an integral part of the structure itself, including only such equipment as was permanent in character and was part of the structure. The Act of June 16, 1836, P. L. 695, which was our first general mechanics' lien law, provided for work done and materials furnished in and about the erection and construction of every building. The act, however, was strictly construed, and the right to file a lien under it was limited to such work as was done or materials furnished in the actual construction of the building itself and which entered into and became an integral part of the structure and passed with the freehold. Special acts of assembly were required to authorize liens for paper hanging: Act of March 24, 1849, P. L. 675; for plumbing, gas fitting, grates, and furnaces: Act of April 14, 1855, P. L. 238; and even this act did not confer the right to file a lien for gas fixtures: Jarechi et al. v. Philharmonic Society, 79 Pa. 403; Marshall v. Kaighn, 2 W. N. C. 426; the right to file a lien for which was first conferred by the Act of June 15, 1897, P. L. 155, and held unconstitutional in Colonial Mfg. Co. v. Rogers et al., 22 Dist. R. 714 (1913), and Colonial Mfg. Co. v. Rapp et al., 22 Dist. R. 715 (1913), because the act transgressed the constitutional limitations above referred to.

Prior to the adoption of the Constitution of 1874, no lien could be filed for chandeliers and gas fixtures: Vaughen v. Haldeman, 33 Pa. 522 (1859). In the course of the opinion in that case, Mr. Justice Read said (p. 523).

"Gas-stoves are largely used for bath, and other rooms, and are necessarily connected with the gas pipes in the same way; but no one would think of saying that they were fixtures, which it would be waste to remove. It is, therefore, more simple to consider all these gas-fixtures, whether stoves, chandeliers, hall and entry lamps, drop-lights, or table-lamps, as governed by the same rule as the articles for which they are substituted."

In Homœopathic Assn. v. Harrison et al., 120 Pa. 28 (1888), and Harrison et al. v. Homœopathic Assn. et al., 134 Pa. 558 (1890), the Supreme Court held that an iron laundry stove formed no part of the building, although connected with it through a smoke pipe.

The cases upon which the claimant relies can be distinguished.

In Dimmick v. Cook Co., 115 Pa. 573 (1887), the Supreme Court sustained a lien for steam heating apparatus, an engine, laundry apparatus, ranges, and cooking apparatus, furnished in the erection of a hotel. Mr. Justice Paxson said (p. 579) that these "were not temporary fixtures such as a tenant would place in the building for his own convenience, but were permanent in their character".

In the later case of Harrison et al v. Homœopathic Assn. et al., 134 Pa. 558 (1890), the Supreme Court held that a lien could not be filed for a portable stove even though it was embraced in the original plans and specifications of the building in which it was included as a part of the original construction, and distinguished and limited the decision in Dimmick v. Cook Co., supra, by pointing out that in the Dimmick case a lien was allowed for a laundry apparatus, ranges and cooking apparatus furnished in the erection of a hotel, because, as Mr. Justice McCollum said (p. 566) :

"These things were not only included in the original plans and designs of the building, but were permanently located in it by masonry, pipes, shafting, etc. The lien was sustained upon the ground that the apparatus was permanent in

its character, a constituent part of the building, and would pass with the freehold."

Other authorities cited by the plaintiff, Coverdill v. Heath et al., 12 Pa. Superior Ct. 15 (1890), The General Fire Extinguisher Co. v. Magee Carpet Works, 199 Pa. 647 (1901), etc., may be distinguished in the same manner. Sprinkling apparatus and equipment which in original construction are worked into and made an integral part of the structure may be made the subject of a lien, but portable articles may not, and they do not lose their character as such by being connected with a pipe which is imbedded in the structure.

It follows, therefore, that since at the time of the adoption of the Constitution a lien could not be filed for a portable stove, no lien can be maintained for the gas range supplied by the claimant. The kitchen cabinet is a mere article of furniture for which there is less to be said than for the gas range.

Inasmuch as the construction placed upon sections 2 and 3 of the Mechanics' Lien Act by the claimant does violence to the constitutional provision, the lien may not be maintained, and the rule to strike off is therefore made absolute.