## Columbia Produce Company, Inc. *v.* Tiskowitz, Appellant.

Argued October 4, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Herman D. Levinson,* with him *Milford J. Meyer,* for appellant.

*Henry W. Balka,* for appellee.

OPINION BY RHODES, J., January 31, 1939:

Plaintiff brought an action in assumpsit against defendant alleging a breach of an oral agreement to purchase a carload of live poultry. It was averred in the amended statement of claim that on or about March 31, 1934, plaintiff entered into an oral agreement with defendant whereby defendant agreed to act as commission merchant for plaintiff under the following terms, to wit: Plaintiff agreed to ship to defendant at Philadelphia one carload of live poultry consigned to plaintiff, which defendant agreed to accept, unload, and sell for plaintiff's account, at a minimum price of 18 cents per pound, less commission charge of $150 and an unloading charge of $50, defendant agreeing to meet plaintiff's draft accompanying said carload of poultry up to 80 per cent of the said price; that plaintiff delivered the poultry consigned to itself at Philadelphia, weighing 17,216 pounds, arriving on April 3, 1934, with notice to defendant; that defendant refused to accept and unload the same. Defendant filed an affidavit of defense in which he denied that he entered into an oral agreement, or any other agreement, as averred in plaintiff's amended statement. The jury rendered a verdict in favor of plaintiff for damages in the amount of $834.77. Defendant's motions for judgment n. o. v. and new trial were dismissed. From the judgment entered on the verdict defendant has appealed.

In this case, as in every action brought upon contract, recovery can be had only upon showing that the agreement sued upon was made by defendant, or by his duly authorized agent, or that defendant ratified it.

*Solis v. Harr, Secretary of Banking,* 325 Pa. 100, 102, 188 A. 845. In this case, whether the contract was made as averred was a question for the jury. Plaintiff presented proof showing that the oral agreement as set forth in the pleadings was made by an agent of defendant. Immediate shipment was made of the carload of poultry, with sight draft attached to bill of lading, and defendant notified by telegram. This telegram contained confirmation of the agreement with defendant's representative. Defendant, the same day, wired plaintiff as follows: "We guarantee eighteen cents carload fancy colored hens delivery early Wednesday morning commission basis will meet draft as agreed for poultry weighing eighteen thousand pounds will do our best answer via postal telegraph. A. Tiskowitz and Co." When the car arrived at the time and place agreed upon, the market had dropped from 18 cents to 13 cents, and defendant refused to accept the car. He wired plaintiff that "Due to colored hens not being a fancy quality cannot accept at price agreed ......" This telegram refusing to accept the poultry makes no reference to the absence of any agreement or the lack of authority of defendant's agent, but does specifically refer to the "price agreed." He was willing to accept the car at the market price. The evidence was sufficient to establish a contract between plaintiff and defendant. Prior negotiations and subsequent telegrams were merely evidence for the jury's consideration as to whether the oral agreement had been entered into between plaintiff and defendant.

Defendant now urges that the agency of defendant's daughter, who carried on the negotiations with plaintiff, was not established. There was plenty of evidence to support a finding that defendant's daughter acted as his agent. Defendant was aware of the agreement which his daughter had made, and this is also evidenced by his telegram in which he stated, "Will meet draft as agreed." There was much other evidence from

which the daughter's agency might be inferred. Those assignments of error which relate to the performance are likewise without merit. There was ample proof of performance by plaintiff. The evidence was sufficient to establish that the carload of poultry weighed 17,216 pounds at Philadelphia; that it arrived in accordance with the agreement; that it was a car of "fancy colored hens," and was of the best quality. From the evidence the jury might well have concluded, in arriving at a verdict, that defendant's reason for refusing to accept the carload of poultry was because of the drop in market price, and not for the reason given in defendant's telegram—that it was not "fancy quality."

Plaintiff sold the poultry in New York at 17 cents a pound. Several days were consumed in negotiating a resale after defendant's refusal to accept. Due to this delay there was a shrinkage of 800 pounds. Defendant complains that an item for telephone and telegrams in the amount of $15, and a charge of $120 for six days' time and expenses of plaintiff's assistant general manager were not properly proved, and should not have been allowed. We find sufficient proof of the former, but we find no proof which would warrant recovery of the latter. This representative of plaintiff was in Philadelphia when the car in question arrived, and we are unable to find any evidence in the record which would warrant the jury in allowing recovery for this item. The judgment must be accordingly reduced by $120, and interest thereon from April 4, 1934, to October 27, 1937, or by $145.66.

The issues in this case were purely factual, and were resolved by the jury in favor of plaintiff. The evidence supports the verdict with the exception mentioned.

The judgment of the court below is modified by reducing it to the sum of $689.11, with interest from October 27, 1937. See *Hoekstra v. Hopkins,* 87 Pa. Superior Ct. 15, 19.

As modified, the judgment is affirmed.