## Wille v. London Guarantee & Accident Co.

*Marcus Berman*, for plaintiff.
*D. Malcolm Hodge*, for defendant.

ERVIN, J., December 22, 1942. — Plaintiff brought this action in assumpsit, based on a health and accident policy issued by defendant company. He recovered a verdict in the sum of $459.86. Defendant has filed motions for new trial and judgment n. o. v. The motion for new trial must be dismissed but defendant is entitled to judgment n. o. v. for a portion of the verdict, and judgment will be entered for plaintiff for the remainder.

The contract of insurance provides, inter alia, as follows:

"The defendant insures the plaintiff against loss resulting independently and exclusively of all other causes from accidental bodily injury sustained during the term of this policy hereinafter referred to as 'such injury' as follows: Clause 2, Weekly Indemnity. Total Disability (1). If 'such injury', independently and exclusively of all other causes, shall, within thirty days from date of accident, wholly and continuously disable the insured and prevent him from performing each and every duty pertaining to his occupation, the Company will pay weekly indemnity at the rate hereinafter specified . . . [$25 per week].

"Partial Disability (2). Or, if 'such injury', independently and exclusively of all other causes, shall, within thirty days from date of accident, or immediately following total disability, continuously prevent the Insured from performing each and every duty of his occupation for one half of his business time, the Company will pay one-half of the weekly indemnity . . ."

Plaintiff's statement of claim alleged that he was injured in an automobile accident on May 10, 1941; by reason of the said injuries and without any contributing cause plaintiff was continuously totally disabled and prevented from performing any and every kind of duty pertaining to his occupation for a period of 12 weeks beginning June 2nd to June 29, 1941, and July 14th to September 6, 1941, inclusive, for which he claimed indemnity at the rate of $25 per week, or the sum of $300, as provided in the terms and conditions of the said policy of insurance; by reason of the said injuries he was continuously prevented from performing each and every duty of his occupation for one half of his business time for a period of five weeks, beginning May 11th to June 1, 1941, and June 30th to July 13, 1941, inclusive, for which he claimed indemnity at the rate of $12.50 per week, or the sum of $62.50, as provided in the terms and conditions of the said

policy of insurance; by reason of said injuries plaintiff was obliged to spend money for medicine and medical attention for which he expended the sum of $68, an X-ray of his hand for which he paid the sum of $5, and an X-ray of his back for which he paid the sum of $15.

In his charge to the jury the trial judge directed it, if it found a verdict in favor of plaintiff, to make special findings stating the dates of the periods of partial disability and total disability and the amount of the verdict allocated to each period. As a result the jury rendered the following special findings:

"1. The first period of partial disability commenced on May 12, 1941, and continued until May 25, 1941. The loss sustained by plaintiff for said period was . . . . . . . . . . .  $25.00

"2. The first period of total disability commenced on May 26, 1941, and continued until June 8, 1941. The loss sustained by plaintiff for said period was . . . . . . . . . . .  50.00

"3. The second period of partial disability commenced on June 8, 1941, and continued until June 29, 1941. The loss sustained by plaintiff for said period was . . .  25.00

"4. The second period of total disability commenced on June 30, 1941, and continued until August 31, 1941. The loss sustained by plaintiff for said period was . . . . . . . .  250.00

"5. The amount awarded to plaintiff for medical expenses, X-rays, etc., is . . . . . . . . . .  82.00

Total . . . . . . . . . . . . . . . . . . . . . . . . .  $432.00
Interest  . . . . . . . . . . . . . . . . . . . . .  27.86

Total Verdict . . . . . . . . . . . . . . . . . .  $459.86"

Defendant's motions are based on its contention that plaintiff is not entitled to any recovery for the second period of total disability, and that the court should

either enter judgment n. o. v. in favor of defendant for this portion of the verdict and the proportionate share of interest, or should grant a new trial unless plaintiff files a remittitur for this amount. The question involved is one of law involving the construction of the language of the contract and, therefore, we see no reason why a new trial should be granted. However, we do have authority to dispose of this question upon the motion for judgment n. o. v.

Section 1 of the Act of April 22, 1905, P. L. 286, as amended by the Act of April 9, 1925, P. L. 221, 12 PS §681, provides:

". . . whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence . . ."

Section 2 of said act provides:

"The Supreme or Superior Court shall review the action of the court below, and shall enter such judgment for either party as shall be warranted by the evidence taken in that court . . ."

The Superior Court has construed this power in Hoekstra v. Hopkins, 87 Pa. Superior Ct. 15, to give it the right to reduce the judgment of the court below by striking out items for which defendant was not legally liable. The Hoekstra case has been followed in Columbia Produce Co., Inc. v. Tiskowitz, 134 Pa. Superior Ct. 145, and Collins v. Matoaca Tribe, etc., 138 Pa. Superior Ct. 128. It follows that the same language used in section 1 of the act gives this court the right to reduce the verdict by striking out items for which defendant is not legally liable. It will be seen by reading the clauses of the contract that partial disability must commence within 30 days from the date of the accident or immediately following total disability, whereas total disability must commence within 30 days from the date of the accident, with no corresponding additional clause permitting it to commence imme-

diately following partial disability. With this distinction in mind we can examine the respective periods of partial and total disability as found by the jury and submit them to the requirements of the contract. The first period of partial disability commenced within 30 days of the injury and was clearly covered. The first period of total disability also commenced within 30 days of the injury and was therefore covered by the policy. The second period of partial disability did not commence within 30 days of the injury but it did immediately follow the period of total disability and was covered for that reason. However, the second period of total disability did not commence within 30 days after the injury and, since there was no clause in the contract permitting it to commence following a period of partial disability, we can find no provision in the contract which would impose liability upon defendant for total disability during such period.

We can find no Pennsylvania cases deciding this question, but the Supreme Judicial Court of Massachusetts, in Bouvier v. Craftsman Ins. Co., 13 N. E. (2d) 619, reached this conclusion in construing a contract containing similar provisions. In that case the court said (p. 623) :

"The provision in the policy for total disability resulting from accident provides for indemnity if 'such injuries' as are described in the policy 'directly and independently of all other causes, shall, within fourteen days after the date of the accident, wholly and continuously disable and prevent the Insured from doing any and every duty of any occupation, and shall require, and the Insured shall have, continuous, frequent, regular and personal attendance and treatment of a licensed physician other than himself.'

"The auditor found that 'From September 12, 1933, to November 7, 1933, the plaintiff was totally disabled, and for the first eight days thereof from September 12th to September 19th was confined to the hospital.

During those eight days he had continuous, frequent, regular and personal attendance and treatment of a licensed physician other than himself. Also he had such medical treatment on September 26th, October 3rd, October 10th, October 17th and November 7, 1933.'

"The total disability described in this finding of the auditor does not fall within the terms of the policy. Considered apart from the prior total disability it did not begin 'within fourteen days after the date of the accident.' And if it is considered with the prior total disability the insured was not 'continuously' disabled within the meaning of the policy, because of the intervening period from June 1, 1933, to September 12, 1933, of merely partial disability. Whatever would be the effect of a merely temporary change in the condition of the insured the specific finding of partial disability for an intervening period of over three months precludes a finding that the total disability of the insured was continuous. The lack of continuity of total disability is fatal to recovery of indemnity for total disability for the second period of such disability. See Wrobel v. General Accident, Fire & Life Assurance Corp., Ltd., 288 Mass. 206, 209, 210, 192 N. E. 498. And since the provision in the policy for extra indemnity for hospitalization applies only 'during total disability for which the monthly indemnity is payable' there can be no recovery of indemnity for hospitalization from September 12, 1933, to September 19, 1933."

Similarly in the case of United States Casualty Co. v. Perryman, 203 Ala. 212, 82 So. 462, 463, the lower court charged the jury that "under the terms of this policy, gentlemen, if you should find from the evidence that the plaintiff was partially disabled for any period of time, then after such period of partial disablement he would not be entitled to recover anything for total disablement". In that case, however, the decision turned on other points of law involved.

We have examined the cases cited by plaintiff and find that they are not in point. In Farner v. Massachusetts Mutual Accident Assn., 219 Pa. 71, the court was construing the word "immediate", while in Losnecki v. Mutual Life Ins. Co., 106 Pa. Superior Ct. 259, the language involved was "totally and permanently" and not "wholly and continuously". The cases from the other jurisdictions were cited for the proposition that a bona fide attempt by the insured to return to his work at a time when he really should not have done so does not break the continuity of total disability. However, that was not the theory upon which plaintiff tried the present case. Had he alleged that the intermediate period did not. break the continuity of total disability a different question would have arisen, but by his own statement of claim and his own evidence upon the witness stand he is claiming for partial disability only during that period. It is true that he was continuously disabled during that period but he was not wholly disabled during that period.

Therefore, we conclude that plaintiff is not entitled to receive compensation for total disability during the last period. However, we do feel that he was entitled to be compensated for partial disability during that time. There was no gap in the disability and it is not equitable that plaintiff's payments should stop because he became worse instead of better. It is no answer to say that the jury's verdict has established that he was not partially disabled during that period. The whole is equal to the sum of all its parts and, therefore, a finding of total disability includes a finding of partial disability.

The question remains concerning the amount to which the verdict should be reduced, or, in other words, what judgment should have been entered upon the evidence produced at the trial. It is apparent that the jury was confused on the dates and amounts for all four periods. The evidence established that the first

period of partial disability lasted for three weeks, whereas the jury fixed it at two weeks. The evidence established that the first period of total disability lasted for four weeks, whereas the jury fixed it at two weeks. The evidence established that the second period of partial disability existed for two weeks, whereas the jury fixed it at three weeks but only awarded damages based on two weeks. The evidence established that the second period of total disability existed for seven weeks, whereas the jury fixed it at nine weeks but awarded damages on the basis of ten weeks. We feel that the evidence entitles plaintiff to a judgment for 12 weeks' partial disability, at $12.50 a week, $150; four weeks' total disability at $25 a week, $100, and $82 medical expenses; total $332, to which should be added $21.41, the proportionate share of the interest fixed by the jury.

Accordingly we shall direct the prothonotary to enter judgment in favor of plaintiff in the sum of $353.41, and sustain defendant's motion for judgment n. o. v. as to the balance of the verdict.