## Bradley, Appellant, v. Gaghan.

*Mechanic's    lien—Sidewalks—Different    blocks—Evidence—Arbitration— Referee's findings of fact.*

On an amicable scire facias sur mechanic's lien a referee found that the several liens were upon three different blocks of houses separated by public streets; that the only item of the materials for which the liens were filed, furnished within the six months was furnished indiscriminately to the three blocks, or if to any one of them separately, it was not shown which; that the said item consisted of cement, which was used partly or wholly in the con-

struction of sidewalks, and that the claims were not sufficiently proved. The referee's report finding against the liens was confirmed by the court below. *Held,* that the judgment should be affirmed.

Argued Jan. 14, 1904. Appeals, Nos. 165, 166 and 167, Jan. T., 1903, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1899, Nos. 99, 100 and 101, M. L. D., overruling exceptions to report of referee in case of W. T. Bradley Co. v. Wm. Gaghan, Owner, and Florey & Bevan, Contractors. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Amicable scire facias sur mechanics' liens.

Exceptions to report of William H. Staake, Esq., referee.

The referee reported, inter alia, as follows :

1. There can be in the opinion of the referee no lien for materials furnished for sidewalks (Clymer Paving Co. v. Donegan, 36 W. N. C. 261), and if that be the true view of the law the claimant's case fails entirely. The material furnished by the claimant was partly furnished for and partly used for sidewalks, and as claimant has failed to show what portion went for sidewalks and what portion for other purposes, it is impossible to determine what portion of its claim would, upon this ground, be bad and what would be good. It is clear that a claim which is good only in part must be held wholly bad, if the part which is valid cannot be or is not determined.

2. No lien for materials furnished can endure longer than six months after the time at which the last materials were furnished to the property against which the lien is claimed, unless a claim be filed within the six months.

Here the claimant puts forward three separate and distinct liens, each against a different block of houses. He can maintain his lien on any block to which he furnished materials within six months before December 22, 1899. But only one delivery, of twenty-six barrels of cement, was made within that time. That delivery would doubtless preserve the lien against the property to which it was made, or cement included in it may even have gone into all the houses, but the plaintiff has offered no evidence upon the matter. The lien would be preserved only as to the particular house or houses to which

that material went, and not as to the entire property embraced in the contract: Wilson v. Forder, 30 Pa. 129 ; Shannon v. Broadbent, 162 Pa. 194.

As there has been no proof that the material delivered on June 27, 1899, went to any particular house, there has been no proof that material was furnished to any particular houses within the legal period, and the claim of the plaintiff cannot be supported as to any portion of the property in dispute, any more than to the entire property.

3. The referee is unable to concur in the argument of counsel for the claimant, that the letter of September 14, 1899, operates to estop the defendants to deny that the claimant might file claims against the entire property at any time until December 27, 1899. Granting, even, that all the elements ordinarily necessary to raise an estoppel were present, the referee is of opinion that there should be no estoppel here, for the reason that estoppel is distinctly personal, and can bind only those persons who are privy to the act relied upon to raise it. In this case, the attempt is not to charge any person or persons, but the land itself, and the referee holds it clear that no representations of the defendants, however binding upon themselves, should be allowed to have such an effect. Estoppel, by its very nature, is inapplicable in cases in which property, not the person, is to be charged.

4. Apart from the question of time, the referee considers that the claimant has failed to prove his case, in that he does not show that material to the amount claimed against any one block was in fact delivered to that block.

The various blocks, separated by public streets, are quite distinct in law, and it is not permissible for the claimant to apportion among a number of blocks the amount of his charge against a whole operation, for the charge against each block must be in exact accord with the material furnished to it. Among several lots, parts of one block, a claimant may apportion, without having made his deliveries separately to each lot. But the law has gone no further in allowing apportionment, and between separate blocks no apportionment can be good except that which is made in fact at the time of delivery.

Gordon v. Norton, 186 Pa. 168, does not, in the judgment of the referee, warrant the claimant in making " each claim in-

clude all the materials furnished," and in concluding that
" therefore it is clear that each claim includes all the mate-
rials furnished for and used in the set of houses against which
the specified claim is filed (and some other materials)."

If, as in Gordon v. Norton, supra, "there are blocks of
buildings so different in size, style, material, location or time of
erection, that the material going into their construction can read-
ily be distinguished and ascertained," "then the lien claimant
may, if he chooses, file a separate claim against each block, ap-
portioned among its constituent houses," the claim against each
block must be for "its own sum total, distributed pro rata within
the block." That is, the claimant must "distinguish and ascer-
tain" the material going into the construction of each block, by
measurement or some other certain means, of the use of which
there is no other evidence in the claims presented to the referee.

"The rule as to an intervening street is now firmly settled : "
Schultz v. Asay, 10 W. N. C. 33, 11 W. N. C. 194 ; Lucas v.
Hunter, 153 Pa. 293, cited by Mr. Justice MITCHELL in Gordon
v. Norton, and the adjoining is severed by an intermediate street.
If the claimant can readily know to which block "the several
items of his demand were furnished " his claim should be based
upon such ready knowledge and be filed accordingly. The
referee repeats that the claimant has failed to prove his case,
in that he does not show that material to the amount claimed
against any one block was in fact delivered to that block. It
will not answer the requirements of the law to charge the entire
bill against each part of the whole operation, and thus con-
clude that "the claimant has included, in each case, all the
material that went into that part of the operation." See also
Lucas v. Hunter, 153 Pa. 293.

5. The referee considers it clear that the burden of proof in
the matters treated in the first, second and third conclusions is
upon the claimant. The ordinary rule of procedure, that a
plaintiff must make good his own case, applies in actions of
this class, from a necessity growing out of the very nature of
a mechanic's lien.

In a merely personal action, if the rule be relaxed on the
ground that the evidence is in the possession of the defendants,
or for any other reason, no harm can be done, for the defend-
ant only is damnified.

But here, where the land is sought to be charged, the defense is made in a sense in a representative capacity.

To relieve a plaintiff of the burden of proof, therefore, and impose it upon a defendant might, through that defendant's fault, injuriously affect the interests of other parties in a way impossible in the ordinary personal action.

The burden in cases of this kind should, therefore, be upon the claimant to prove all the facts necessary to make good his lien against any or all of the properties against which he had sought to enforce it.

The referee entered a verdict in favor of the defendants in each of the three cases, with costs to the defendants in each case.

*Errors assigned* were in dismissing various exceptions to report of referee.

*J. H. Gendell,* for appellant.—The use of some cement in the sidewalks is no answer to our claim: Clymer Paving Co. v. Weir, 34 W. N. C. 19; Webster v. Wakeling, 2 W. N. C. 111; Yearsley v. Flanigen, 22 Pa. 489; Gaule v. Bilyeau, 25 Pa. 521; Short v. Miller, 120 Pa. 470; Presb. Church v. Allison, 10 Pa. 413; White v. Miller, 18 Pa. 52; Odd Fellows' Hall v. Masser, 24 Pa. 507; Singerly v. Doerr, 62 Pa. 9; Linden Steel Co. v. Rough Run Mfg. Co., 158 Pa. 238.

The division of the lot by public streets does not invalidate the claims, especially in the form here used : Davis v. Farr, 13 Pa. 167; Harper v. Keely, 17 Pa. 234; Millett v. Allen, 3 W. N. C. 374; Livezy v. Garvin, 16 W. N. C. 439; Pennock v. Hoover, 5 Rawle, 291.

The claims were filed in time ; we are not required to trace the twenty-six barrels last delivered: Shannon v. Broadbent, 162 Pa. 194; Wilson v. Forder, 30 Pa. 129.

*Ira J. Williams,* with him *Simpson & Brown,* for appellee.— The liens were improperly and illegally filed : Gordon v. Norton, 186 Pa. 168; Schultz v. Asay, 10 W. N. C. 33; Lucas v. Hunter, 153 Pa. 293.

The liens were not filed in time : Philadelphia v. Beatty, 9 Pa. Superior Ct. 255.

No lien can be filed for material used in sidewalks : Clymer Paving Co. v. Donegan, 36 W. N. C. 261.

PER CURIAM, April 11, 1904:

The learned referee below found, as facts, first, that these liens are upon different blocks of houses, separated by public streets ; second, that the only item of the materials for which the liens are filed, furnished within six months, was furnished indiscriminately to the three blocks, or if to any one of them separately, it was not shown which ; third, that the said item consisted of cement which was used partly or wholly in the construction of sidewalks ; and fourth that the claims were not sufficiently proved. On these facts the judgment was right, and it is affirmed on the referee's conclusions of law.

Judgment affirmed.