# Parkhill, Appellant, *v.* Hendricks.

*Mechanics' liens—Grading and sodding yard—Acts of June 16, 1836, P. L. 695, and June 4, 1901, sec. 2, P. L. 431—Constitutional law.*

Under the Act of June 16, 1836, P. L. 695, a mechanic's lien cannot be filed for grading and sodding a yard surrounding a suburban house in course of erection, and for planting trees along the sidewalk in front of it; nor can such a lien be sustained under sec. 2 of the Act of June 4, 1901, P. L. 431, inasmuch as a construction of the act that would permit such a lien to be filed would render its second section unconstitutional as in conflict with sec. 7, art. III, of the constitution.

Argued Dec. 9, 1912. Appeal, No. 253, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 1, Phila. Co. March Term, 1910, No. 2,792 (M. L. D.), for defendants non obstante veredicto in case of Charles H. Parkhill v. John M. Hendricks, Contractor and Former Real Owner, David R. Carson, Former Registered Owner, and Anna L. Henry, Present Registered and Real Owner. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

10       PARKHILL, Appellant, *v.* HENDRICKS.

Statement of Facts—Opinion of Court below.   [53 Pa. Superior Ct.

Scire facias sur mechanic's lien.

At the trial the jury returned a verdict for plaintiff for $40.03.

On a motion for judgment for defendant n. o. v. MAGILL, J., filed the following opinion:

The work done and the materials furnished by the plaintiff, and for which claim is made, consisted of grading and sodding a lawn and planting trees and placing wire protectors around same, on the sidewalk in front of the house or property against which the lien is filed. A verdict was rendered for the plaintiff in the sum of $40.03. Defendant has made a motion for a new trial and also for judgment non obstante veredicto.

The question first to be considered is whether the plaintiff is entitled to a mechanic's lien for the character of work done and materials furnished by him, under the statutes, authorizing the filing of liens by mechanics and others. The Act of June 16, 1836, P. L. 695, sec. 1, provides that "every building erected within the several counties of this commonwealth . . . . shall be subject to a lien for the payment of all debts, contracted for work done, or materials furnished for or about the erection and construction of the same." Section 2 of the act of 1836 provides that the lien shall extend to the ground covered by the building and to "so much other ground . . . . as may be necessary for the ordinary and useful purposes of such building." This act has always been strictly construed and numerous acts were subsequently passed in order to extend the right of lien for paper hanging, plumbing, gas fitting, grates and furnaces, painting, measuring, etc.; but no act prior to the adoption of the constitution of 1874 extended the right of lien to persons furnishing material and labor in grading and sodding lawns or planting and guarding shade trees. Counsel agree that no case can be found in which such a lien has been sustained under our statutes. Such work surely cannot be said to come within the provisions of the act of 1836, which con-

templates only work done or materials furnished for or about the erection or construction of buildings. The work for which claim is here made was not done nor was the material furnished for or about the construction of the building, nor can it be said to be necessary thereto, as the building might very well be complete without it. If a lien may be filed for sodding a lawn, so might it be filed for furnishing and sowing grass seed. If a lien may be filed for planting trees on the sidewalk, so also might it be filed for planting a hedge, a bed of rose bushes or other shrubbery. If a lien may be filed for wire protectors placed around shade trees, and in no way attached to the realty, so might it be filed for furnishing and placing stakes or frames used to hold rose bushes or other shrubbery in position. The act of 1836 clearly contemplates no such subject of lien, and no other act specifically provides for it. Counsel for plaintiff contends that such a lien may be filed under the Act of June 4, 1901, P. L. 431, sec. 2 of which provides: "Every structure or other improvement and the curtilage appurtenant thereto, shall be subject to a lien for the payment of all debts due to the contractor or subcontractor, in the erection and construction or removal thereof, in the addition thereto, and in the alteration and repair thereof, and all . . . . sidewalks, yards, fences, walls or other enclosure belonging to said structure or other improvement, and in the fitting up or equipment of the same, for the purpose for which the improvement is made," etc.

If it be true, as we conclude it is, that prior to the adoption of the constitution of 1874, there was no right to file a lien for such labor and materials as was furnished in this case; and if it was the purpose of the act of June 4, 1901, to extend the right of lien to one who furnishes such labor and material, thereby creating a new class of mechanic's lien claimants, such purpose must fail as being in violation of sec. 7 of art. III of the constitution of 1874, which provides, "The General Assembly shall not pass any local or special law . . . . providing or changing methods

for the collection of debts or the enforcing of judgments.''

Section 2 of the Act of June 4, 1901, P. L. 431, provides for the filing of liens by certain classes of creditors in whose behalf and for certain character of labor and materials for which no lien could have been had prior to the passage of the act, and is therefore special legislation in favor of a class of creditors and providing a method for the collection of the debts of such class which does not apply to other classes of creditors.

It appears now to be firmly established by recent decisions of the Supreme Court that no act of general assembly can extend the right of mechanic's lien to a class of creditors or to a character of materials or labor for which the right to such a lien did not exist at the time of the adoption of the constitution of 1874.

In Vulcanite Portland Cement Company v. Allison, 220 Pa. 382, it was held that sec. 28 of the act of June 4, 1901, which gives to a subcontractor or material man a right to issue an attachment execution against the owner or other party indebted to the contractor, for labor or materials furnished, is special legislation in favor of a special class of creditors and offends against art. III, sec. 7 of the constitution. Mr. Justice ELKIN, speaking for the court, said: ''The liens of mechanics and material men against the building into which their labor and materials entered are protected by the settled policy of our law for more than a century, but there is no necessity, imperative or otherwise, for extending the system so as to prefer this class of creditors in personal actions.''

In Vulcanite Paving Company v. Philadelphia Rapid Transit Company, 220 Pa. 603, it was held that the method provided by sec. 46 of the act of June 4, 1901, for the enforcement of the judgment on a mechanic's lien, not being a proceeding in rem, so as to enforce the claim against the particular building into which the materials entered, is special legislation for a class of liens obnoxious to the constitution, and therefore inoperative.

Taylor Lumber Company v. Carnegie Institute, 225 Pa. 486, held that sec. 28 of the act of June 4, 1901, which permits mechanics' liens to be filed against a building without reference to the land, and provides for the sale and removal of the building for the benefit of lien holders, is in violation of art. III, sec. 7, of the constitution. Mr. Justice BROWN, speaking for the court, said, "Any special legislation for mechanic's lien creditors—a special class of creditors—for the collection of debts due them, or the enforcement of judgments recovered by them is within the prohibition (of art. III, sec. 7, of the constitution). The whole act of 1901 is legislation for a special class of creditors, some of the provisions of which are permissible because the constitution of 1874 did not intend to wipe out the system to which they relate; but those providing special methods, or changing old ones, for the collection of the debts due the special class of creditors' or for the enforcement of judgments recovered by them are prohibited by the organic law."

In Sterling Bronze Company v. Syria Improvement Association, 226 Pa. 475, Mr. Justice ELKIN, speaking for the court, said, "Any new method for the collection of the debt or for the enforcement of the judgment provided by the act of June 4, 1901, which gives the right to proceed in a personal action against the owner or contractor, is obnoxious to art. III, sec. 7, of the constitution of 1874 and cannot be enforced."

In Page v. Carr, 232 Pa. 371, Mr. Justice POTTER, after referring to the above cases, said: "The result of the decisions above noted is to make it clear that any provision of the act of 1901, which is clearly divergent from and is an advance upon the law as it stood prior to the constitution of 1874, is to be regarded as invalid. As the effect of sec. 13 is to grant to mechanics' liens a preference and to give to them a priority of payment that they did not have and to which they were not entitled prior to the present constitution, it must be held invalid. As the learned auditor says, 'the plain and practical result of the act is

14    PARKHILL, Appellant, *v.* HENDRICKS.

Opinion of Court below—Opinion of the Court.    [53 Pa. Superior Ct.

that the mechanic has in the enforcement of his liens higher rights and greater privileges under the statute than he had prior to the constitution which forbids the extension of the lien.'"

The purpose and effect of sec. 2 of the act of June 4, 1901, if it be enforceable, is to extend the right of lien to a class of creditors who furnish labor and materials of a character for which no valid lien could have been filed prior, to the constitution of 1874, and thereby creating a new and special class of preferred creditors and changing methods for the collection of debts in violation of the constitutional prohibition above referred to. This, as shown by the cases cited, may not be done; and so much of sec. 2 of the act of 1901 as extends the right of lien to a character of labor and materials for which a lien could not have been had prior to the adoption of the constitution, is in violation of sec. 7, art. III, thereof, and therefore cannot be enforced.

As the labor and materials for which the lien in this case was filed could not have been the subject of a valid lien prior to the act of June 4, 1901, it follows that the plaintiff is not entitled to a verdict for the value thereof.

The motion of the defendant is sustained and judgment is now entered for the defendant non obstante veredicto.

*Error assigned* was the judgment of the court in favor of the defendant n. o. v.

*Henry W. Scarborough,* for appellant.

*Stanley Folz,* with him *J. Hector McNeal* and *Leon H. Folz,* for appellee.

OPINION BY RICE, P. J., February 27, 1913:

The question raised on the argument of this appeal is, whether a mechanic's lien for grading and sodding a yard

surrounding a suburban house in course of erection, and for planting trees along the sidewalk in front of it, can be sustained.   If the law gave a lien for the work and materials furnished for or about the erection or construction of a "residential plant," we would be disposed to agree with the appellant's counsel in his contention that the yard and sidewalk, with their trees and sod, were as much part of it as the house itself.   But the Act of June 16, 1836, P. L. 695, recognized only the furnishing of work and materials for or about the "erection or construction" of a building; and, while it is probably true that many things form part of a modern house that did not in 1836, and a lien therefor may be sustained under that act, yet it is still as essential as it was at that time that they enter into or form part of the erection and construction of the building.   We are of opinion that the court was clearly right in holding that his outside work was not part of the erection and construction of the building, within the meaning of the act of 1836, and we can add nothing profitably to what the court has said upon that subject.   It must be conceded that sec. 2 of the Act of June 4, 1901, P. L. 431, is broader in its provisions than the act of 1836, and possibly it would bear a construction which would sustain the lien in this case, at least so far as it relates to the grading and sodding of the lawn.   But if it were construed as extending the right to file a lien for that class of work or materials, it would, to that extent, be in conflict with sec. 7, art. III of the constitution, as shown by the cases reviewed in the opinion of the learned judge below, to which should be added Sax & Abbott Construction Co. v. School Dist. of Wilkes-Barre, 237 Pa. 68.   We cannot agree with the learned counsel for the appellant that the principle involved in those decisions would not apply to a law extending the right of mechanics' liens to a new class of creditors furnishing new classes of materials and new classes of labor. The constitution did not ipso facto repeal the mechanics' lien laws as they stood in 1874; but the above section of the constitution, as construed in the cases referred to,

clearly forbids the extension of the rights and privileges of a special class of creditors with respect to the collection of other special classes of debts.

The judgment is affirmed.