## W. H. Kneas Lumber Co., Inc., v. Ciccarone

*Wright, Mauck, Hawes & Spencer*, for plaintiff.
*Wisler, Pearlstine & Talone*, for defendant.

Forrest, J., May 27, 1959.—This is a lien claim for materials furnished to a contractor in the construction of a swimming pool. The owners have petitioned to strike off the claim. They contend that a swimming pool is not within the constitutional definition of the word "structure" as used in the Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 1, 49 P.S. §1, and hence is not a proper object of a mechanic's lien.

Claimant, W. H. Kneas Lumber Company, Inc., alleged in its claim that it furnished certain sand and cement to George M. Clay, Jr., the general contractor, in and about the original erection and construction of a swimming pool on the premises of Anthony E. Ciccarone and Elizabeth M. Ciccarone.

Article 3, sec. 7, of the Constitution of the Commonwealth of Pennsylvania provides, inter alia, as follows: "The General Assembly shall not pass any local or special law:

"Authorizing the creation, extension or impairing of liens:

". . . or providing or changing methods for the collection of debts. . . ."

The Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 2, 49 PS §21, provides that:

"Every structure or other improvement, and the curtilage appurtenant thereto, shall be subject to a lien for the payment of all debts due to the contractor or sub-contractor in the erection and construction . . . thereof, in the addition thereto, and in the alteration and repair thereof. . . ."

"Insofar as this act would give rights which this claimant did not possess prior to the Constitution of 1874, it is unconstitutional, and its language must be construed so as not to confer upon this special class of claimants any additional rights: Dyer v. Wallace, 264 Pa. 169, 174; Fluke v. Lang, 283 Pa. 54, 58": Silfies v. Austin, 104 Pa. Superior Ct. 344, 348 (1931). This

makes it necessary to consider whether claimant would have had any right to file a mechanic's lien claim prior to the Constitution of 1874.

The first Pennsylvania statute authorizing a mechanic's lien for labor or material furnished in and about the erection and construction of a building, was the Act of April 1, 1803, P. L. 591, 4 Sm. L. v. This provided that "every dwelling house or other *building*" thereafter erected within the City of Philadelphia was subject to the payment of the debts contracted by the owner or owners thereof for or by reason of work done or materials provided by any person employed in furnishing materials for or in erecting and constructing of the same. See 1 Cushman on Mechanics' Liens, p. 3. The Act of March 17, 1806, P. L. 480, 4 Sm. L. 300, differed materially from the Act of 1803 only in omitting the words "by the owner or owners thereof." The Act of 1806, as amended by the Act of March 28, 1808, P. L. 165, 4 Sm. L. 528, was extended by the Act of March 22, 1817, P. L. 143, 6 Sm. L. 445, sec. 2, to Montgomery County. The Act of June 16, 1836, P. L. 695, sec. 1, declared: "That every *building* erected within the several counties of this Commonwealth to which the Act . . . [of 1806] and the several supplements thereto, now extends, shall be subject to a lien for the payment of all debts contracted for work done, or materials furnished for or about the erection or construction of the same."

The Act of May 1, 1861, P. L. 550, provided that the Act of 1836 "shall hereafter be held and taken to apply to debts contracted for work done or materials furnished for or about the repair, alteration of or addition to any house or other *building*, so that liens may hereafter be had for the payment of all debts contracted for work done or materials furnished for, or about the repair, alteration of or addition to any house or other *building*. . . ." This act designated by Cush-

man, supra, p. 28, as "our first repair statute" applied only to three counties, but was extended to Montgomery County by Act of February 28, 1866, P. L. 127.

"These laws were founded upon the theory that those who furnished labor and materials in the construction of a *building* should have the right to file a lien against it. . . .": Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382, 386 (1908). (Italics supplied.)

The Act of 1836 "recognized only the furnishing of work and materials for or about the 'erection or construction' of a building; and, while it is probably true that many things form part of a modern house that did not in 1836, and a lien therefor may be sustained under that act, yet it is still as essential as it was at that time that they enter into or form part of the erection and construction of the building. . . . It must be conceded that sec. 2 of the Act of June 4, 1901, P. L. 431, is broader in its provisions than the act of 1836. . . . But if it were construed as extending the right to file a lien [to a new class of creditors furnishing new classes of materials and new classes of labor], it would, to that extent, be in conflict with sec. 7, art. III, of the constitution. . . . The constitution did not ipso facto repeal the mechanics' lien laws as they stood in 1874, but the above section of the constitution . . clearly forbids the extension of the rights and privileges of a special class of creditors with respect to the collection of other special classes of debts": Parkhill v. Hendricks, 53 Pa. Superior Ct. 9, 15-16 (1913).

The Mechanic's Lien Act of June 4, 1901, sec. 1, as amended by the Act of May 2, 1929, P. L. 1255, sec. 1, 49 PS §1, defines the words "structures or other improvements", as used in this act, as any ". . . reservoir . . . or other structure or improvement of whatsoever kind or character the same may be." We have seen that the acts prior to the Act of 1901 authorized the filing of lien claims for work done or materials

furnished in or about the erection of *buildings*, and did not expressly extend to "every structure or other improvement," as does the Act of June 4, 1901, supra, sec. 2, 49 PS §21. The phrase "structures or other improvements" *may have been intended to change* the settled law, *but it could not constitutionally extend the right* to file a lien *to claims not measuring up to the standard of the Act of 1836.*

"The Act of 1836 does not designate the character of the building to which a mechanic's lien may attach. If the structures are of a substantial and permanent character, and may in any reasonable sense be known as buildings, they may be encumbered by a lien. Short v. Ames, 121 Pa. 135. Wheller v. Pierce Kelley and Company, 167 Pa. 416. . . . The word 'building' means a fabric or edifice such as a house, church or the like": Bingler v. Morris, 74 Pitts. L. J. 291, 292 (1926).

A building has been defined as an edifice, framed or constructed, designed to stand more or less permanently, and covering a space of land, for use as a dwelling, storehouse, factory, shelter for beasts or some other useful purpose: Webster's New International Dictionary.

Bingler v. Morris, supra, indicates a view that an erection may be permanent, yet lack the elements of a building as the term is used in the Mechanic's Lien Act, if it is not covered by a roof, nor enclosed. However, the present act, section 1, 49 PS §1, specifically provides that the words "structure or other improvements includes any building, tank, aqueduct or reservoir." Webster's New International Dictionary defines "tank" as a large basin or other artificial receptacle for liquids, as a swimming tank. In Hartshaw v. Ellis, 6 Chester 263 (1954), there is dictum "that a swimming pool is a structure within the definition of the Mechanic's Lien Act. . . ."

In Bechtel v. McCormack, 80 D. & C. 189, 192 (1952), the trial judge instructed the jury that if they found the improvement to be a reservoir, it was a structure within the meaning of the act, that the legislature in defining "structures or other improvements" must be presumed to have defined "building" as used prior to the Constitution of 1874. The court in that opinion observed: "An examination of all of the cases cited by counsel does not disclose a single upper court case in which the . . . definition of structures, as set forth in section 1 of the Act of 1901, supra, is unconstitutional because such structure, as there defined, was not a structure (building) within the meaning of the Mechanics' Lien Laws as they existed prior to 1874. Certainly the fact that the unconstitutionality of section 1 of the Act of 1901, supra, has not been successfully attacked for a period of over fifty years is significant."

True, there are some lower court decisions indicating that parts of section 2 are unconstitutional. See City Deposit Bank v. McClafferty, 70 Pitts. L. J. 967 (1922), as to fences and walls, and Parkhill v. Hendricks, supra, p. 15, as to grading and sodding a yard and planting trees around a suburban house in course of erection. However, section 1 still stands, although that section, together with the rest of the act, has been subjected to scrutiny and a number of sections of the act have been stricken down as unconstitutional. Since it appears that claimant furnished materials for the erection of a swimming pool which is a "tank" within the term "structure or other improvements," which in turn is but an elaboration of the word "building" as used prior to the Constitution of 1874, the lien claim is not defective on its face.

And now, May 27, 1959, the rule to show cause why the mechanic's lien claim should not be stricken off is discharged.