## Merritt Lumber Yards, Inc., v. G. E. B. Enterprises, Inc.

*Wells, Campbell & Reynier*, for plaintiff.

*Matthew S. Santangelo*, for defendants.

FORREST, J., February 8, 1960. — The owners of certain real estate, asserting that a materialman's apportioned lien claim filed against their property was not filed timely, petitioned to strike off the lien claim. Claimant answered the petition, and the matter was duly argued before the court en banc. Having considered the matter, the court was at the verge of handing down an opinion and order when counsel for

claimant orally requested a reargument. The request was granted informally, and the case was reargued before the court en banc.

The lien claim avers that the materials were furnished between June 7, 1956, and March 27, 1957, and that they were furnished for use in a project for the erection of single homes which is still uncompleted, and that the building subjected to the lien is one of such dwelling houses. The particular building was completed on or about November 20, 1956. The materialman's lien claim was filed July 18, 1957, against G. E. B. Enterprises, Inc., as original owner, and John N. Merkel and Doris Merkel, present owners.

The Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 10, 49 PS §52, provides that, in cases such as this, the claim must be filed within six months after claimant's contract or agreement is completed. Claimant herein failed to file his claim against the property in question within six months after furnishing the materials therefor. Does the time for filing the claim against a house extend to six months after the completion of claimant's performance as to other houses within the purview of the contract?

The Mechanic's Lien Act, supra, sec. 12, 49 PS §55, provides that "No apportioned claim shall hereafter be allowed, but separate claims, with the amount due determined by apportionment, may be filed as herein set forth." Such separate claims, like any other claim, must be filed "within six months after the claimants' last work upon the particular house against which the lien is filed": Ippolito v. Davidson, 23 Dist. R. 75, 77 (1913). By the furnishing of certain materials, "the lien (is) preserved only as to the particular house or houses to which (the) material went, and not as to the entire property embraced in the contract": Bradley v. Gaghan, 208 Pa. 511, 512 (1904). Claimant admittedly did not furnish any materials to the

Merkel property within six months before he filed the mechanic's lien claim. Therefore, the claim must be stricken off.

Counsel for claimant contends that Bradley v. Gaghan, supra, and Ippolito v. Davidson, supra, are neither precedent nor authority against claimant. In both cases cited, defendants prevailed for several reasons, any one of which would have been sufficient. In the Bradley case, the referee reported, inter alia: "2. No lien for materials furnished can endure longer than six months after the time at which the last materials were furnished to the property against which the lien is claimed, unless a claim be filed within the six months . . . delivery would doubtless preserve the lien against the property to which it was made . . . The lien would be preserved only as to the particular house or houses to which that material went, and not as to the entire property embraced in the contract: [citing cases]." The Supreme Court affirmed the order of the lower court confirming the referee's report.

Ippolito v. Davidson, supra, cited and followed the Bradley case. The court stated, at page 77: ". . . a lien must be filed . . . within six months after the claimants' last work upon the particular house against which the lien is filed. . . .

"Section 12 of the Act of June 4, 1901, P. L. 431, provides that 'separate claims with the amount due determined by apportionment may be filed as herein set forth.' 'As herein set forth' refers to 'the method provided for filing the usual claim, where work was done upon only one structure; that is, the claim must be filed within six months after the last work was done upon that structure.' Claims in which the amount due is determined by apportionment must then be filed in the same way and within the same time as other claims."

The court continued by stating that any other construction of the act would be an unconstitutional extension of a secret lien on property from six months after the last work was done on that property to six months after the last work was done upon some other property.

Wilson v. Forder, 30 Pa. 129 (1858), relied upon by claimant, actually sustains the contention of defendant. The opinion of the court states, page 131:

"It is assumed that, where there is one contract for the work to be done in the erection of six or a score of houses, the lien of the mechanic on all of them continues, without being entered, until six months after the last work is done on the one which is last in being finished; although others of them may have been finished months or years earlier, and sold to fair purchasers who buy them as finished houses, and who know nothing of the contract connection between the houses, nor of the fact that some of them are unfinished.

"Now surely this is not well assumed. It is a plain moral duty of legislation and jurisprudence, even in furnishing and administering a deserved protection to one class of citizens, to see that the general rules of this special part of the law shall not be a snare and an injury to the community. The mechanic's lien law does not require any departure from this principle."

The court, at page 132, pointed out that this rule "contributes to certainty of titles, to the avoidance of litigation, and therefore to the value of such property, and it is very easily understood and followed."

Plaintiff's counsel cites numerous cases in his brief, none of which are contra to the decisions cited hereinabove, and all of which are distinguishable.

Plaintiff contends that a lien claim which on its face complies with the statute cannot be stricken

summarily. The difficulty with this is that here the claim on its face shows noncompliance with the act.

And now, February 8, 1960, the prothonotary is directed to strike off the claim filed in the above case from the mechanic's lien docket and from the judgment docket.