## Hamme v. Lockamy

*Ronald J. Hagarman*, for claimant.
*Donald G. Oyler*, for owners.

SHEELY, P. J., July 2, 1964.—This is a motion to strike off a mechanic's lien filed "for the excavation, grading, paving, and supplying of stone in and about a drive-in restaurant situate" on the owner's land. The parties have stipulated that at the time of the oral contract between the claimant and the owners, the owner's drive-in restaurant had already been erected although it was not finished inside and the concrete walk or apron around it had not been laid. The excavation for the building was not done by the claimant. The claimant, under his oral contract, excavated for the concrete walk or apron around the building, excavated and graded for the parking lot around the same, removed a pile of dirt, excavated for a barbecue pit in the rear of the restaurant, and placed stone on the parking lot. It is contended by the owners that work of this character does not form the basis for the filing of a mechanic's lien.

Under the provisions of section 2 of the Mechanic's Lien Law of June 4, 1901, P. L. 431, 49 PS §21, "Every structure or other improvement, and the curtilage appurtenant thereto, shall be subject to a lien for the payment of all debts due to the contractor or subcontractor in the erection and construction or removal thereof, in the addition thereto, and in the alteration and repair thereof, and of the outhouses, sidewalks, yards. . . . " However, section 7 of article III of the Constitution of 1874 provides that "the General Assembly shall not pass any local or special law . . . providing or changing methods for the collection of debts or the enforcing of judgments." Because of this constitutional provision it is firmly established that no act of legislature can extend the right of mechanic's lien to a class of creditors or to a character of materials or labor for which the right to such a lien did not exist at the time of the adoption of the Constitution of 1874: Parkhill vs. Hendricks, 53 Pa. Superior Ct. 9, 12

(1913), and cases therein cited. The Act of June 16, 1836, P. L. 695, in effect at the time of the adoption of the Constitution of 1874, provided only for a lien for the furnishing of work and materials for or about the "erection or construction" of a building.

For this reason a lien cannot be allowed for work done and materials furnished for grading and sodding a lawn and planting trees in front of the house on property against which a lien was filed: Parkhill vs. Hendricks, supra; or for materials furnished for sidewalks: Bradley v. Gaghan, 208 Pa. 511, 512 (1904); Clymer Paving Company v. Donegan, 4 Dist. R. 243 (1895); or for excavation, furnishing terra cotta pipe and making a sewer line thereon, construction of manholes for the sewer and furnishing bituminous concrete and paving for the street: Meehan v. Morris Novak, Inc., 28 D. & C. 2d 143 (1962); installing electrical controls and converting hand controls to automatic controls in a fence surrounding the property: Kinsinger v. Keasbey & Mattison Co., 22 D. & C. 2d 316 (1960); demolition of a building and grading or filling in the land: Jan-Lee Corp. v. Kay, 21 D. & C. 2d 222 (1959); or for digging a well: Duffy v. Stroud, 1 Del. Co. 196 (1882).

In Acme Paving Co., Inc. v. Ferguson, 21 D. & C. 2d 465 (1959), a lien filed by a subcontractor for work and material expended in the construction of a parking area, which work was part of the general contract for the construction of a drive-in supermarket, was sustained. This conclusion was based upon the authority of Yearsley v. Flanigen, 22 Pa. 489, (1854), where it was held that: "Where a contract is made with a bricklayer to do all the brick and stone work about the erection of a building, which contract by its terms includes the laying of the pavement, as it is an entirety a mechanic's lien may be filed within six months from the completion of the work, even though it may have

all been done except the pavement more than six months before the lien was filed. The work upon the pavement may be included in the lien." In the present case, of course, the claimant had nothing to do with the erection of the building; the building had already been erected by another contractor when his oral contract was made for the excavation and the grading around the restaurant.

In Kimbob, Inc. v. William H. Peters, Inc., 77 Dauph. 401 (1961), the claimant had a contract with the owner to do the paving and grading for a loading and unloading area in connection with the erection and construction of an abattoir plant. The claimant was not the general contractor in the construction of the abattoir. The court held that the lien for paving and grading was proper. In its opinion the court recognized that numerous lower court cases had held to the contrary as well as certain cases in the Superior Court, but based its conclusion upon Yearsley v. Flanigen, supra.

In this, we believe the court was in error. In the Yearsley case, following the paragraph above quoted, the court said: "If laying the pavement is done under a separate contract from that of constructing the walls and other masonry, and six months is suffered to elapse from the last work upon the building proper, before the lien is filed, it is then too late, as it cannot be connected with the work in laying the pavement." It is true that the lien in that case was for work on the building as well as work on the pavement, but the court at no place indicated that a lien could be filed for the paving alone; only that the work upon the pavement could be included in the lien if the work on the building and the paving was done under a single contract.

It cannot be argued that because section 2 of the Act of June 16, 1836, P. L. 695, provided that the lien

should extend to the ground covered by the building and to "so much other ground . . . as may be necessary for the ordinary and useful purposes of such building" a lien may be filed for work on such other land as might be necessary for the ordinary and useful purposes of the business for which the building is erected. That section merely provided what land would be covered by the lien, and the coverage was extended so that the claimant would have the benefit of all the land connected with the building rather than to be restricted to the immediate land upon which the building was erected which, in many instances, would be valueless without the adjoining land. Section 1 of that act provided for the type of work and materials for which a lien might be filed: "every building erected within the several counties of this commonwealth .. . . shall be subject to a lien for the payment of all debts contracted for work done, or materials furnished, for, or about the erection, or contruction of the same."

Clearly the excavating and grading of a parking area is not part of the "erection and construction" of a restaurant no matter how essential the parking lot may be to the operation of the restaurant, and even though such parking area would be part of the curtilage that would be subject to a lien for the payment of debts due in the erection and construction of the restaurant.

Since no mechanics' liens could be filed for paving and grading of a parking area prior to the Constitution of 1874, any extension of the right to a lien for such work contained in the Act of 1901 would be unconstitutional. For this reason the motion to strike off the mechanic's lien must be granted.

This does not, of course, prevent the claimant from bringing an action in assumpsit against the owner for the work done and the materials furnished.

And now, July 2, 1964, the motion to strike off the

mechanic's lien filed in this case is granted and it is ordered that said lien be stricken off at the cost of the claimant. An exception to this order is noted on behalf of the claimant.