## Sweigart v. Rice-Stevens Corporation

*Andrew Fulton, 3rd,* for plaintiff.

*Vincent J. LeBrasca,* for defendant.

CURRAN, J., October 13, 1965. — Claimant, Paul Sweigart, entered into a written contract with defendant, Rice-Stevens Corporation, whereby he agreed to grade and pave a parking area of the latter's property upon which a restaurant was being constructed. The restaurant itself was constructed by a general contractor, but claimant's contract was directly with the owner. Claimant commenced work on September 11, 1963, and completed the job on November 11, 1963. By deed, dated February 28, 1964, and duly recorded on March 4, 1964, defendant, Rice-Stevens Corporation, conveyed the property in question to defendant, Lance Development Co., Inc. Claimant's contract price was $6,596, and on April 3, 1964, he filed a mechanic's lien claim for $5,740.56, which is the balance due him under the contract.

Defendant, Lance Development Co., Inc., has filed preliminary objections in the form of a demurrer, which preliminary objections are presently before us for disposition. The question presented to us is whether under the above recited facts, claimant is entitled to file a mechanic's lien for the labor and materials furnished in constructing the parking lot in question.

After studying the various legislative acts providing for mechanics' liens in Pennsylvania, we are convinced that claimant is entitled to file a lien for the labor and material furnished in constructing the parking lot, since it was an essential and integral part of the construction of the restaurant itself. We reach this conclusion notwithstanding the fact that claimant's contract

was with the owner directly, and he had nothing to do with the construction of the restaurant itself.

The applicable statute involved is the Act of June 4, 1901, P. L. 431, sec. 2, as amended, 49 PS §21, which provides:

"Every structure or *other improvement*, and the curtilage *appurtenant thereto*, shall be subject to a lien for the payment of all debts due to the contractor or sub-contractor in the erection and construction or removal thereof, in the addition thereto, and in the alteration and repair thereof, and of the outhouses, *sidewalks, yards*, fences, walks, or other enclosures belonging to said structure or other improvement . . ." (Italics supplied.)

The language of this section is clearly broad enough to permit a mechanic's lien for the paving of a parking lot. In the case of Acme Paving Co., Inc. v. Ferguson, 21 D. & C. 2d 465, the court held that where the construction of a parking area is made a part of the general contract for the construction of a drive-in supermarket, such parking area is an essential and integral part of the supermarket, is appurtenant thereto and is subject to a mechanic's lien by a *subcontractor* for the payment of work and materials expended in constructing such parking lot. Since a subcontractor has a right to file a mechanic's lien for such work, we see no logical reason why a contractor who dealt only with the owner should not also have the right to file a mechanic's lien for the labor and materials furnished in constructing the parking lot, so long as the construction of the parking lot is an essential and integral part of the construction of the main improvement, which in this case is a restaurant. The same result was reached in the case of Kimbob, Inc. v. William H. Peters, Inc., 77 Dauph. 401, where the parking lot was part of a large shopping center.

We find no merit in defendant's contention that the

Mechanic's Lien Act of 1901 is unconstitutional if a mechanic's lien is permitted for the construction of a parking lot, on the basis that it is violative of article III, sec. 7, of the Pennsylvania Constitution of 1874, which prohibits the creation, extension or impairing of liens, and the providing and changing methods for the collection of debts theretofore existing.

The Mechanic's Lien Act of June 16, 1836, P. L. 695, provided that a lien may be filed for "work done, or materials furnished for, or *about* the erection or construction of" a building. (Italics supplied.) Section 2 of the Act of 1836 provided that a "lien of such debt, shall extend to the ground covered by such building, and to so much other ground immediately adjacent thereto, and belonging in like manner to the owner of such building, as may be necessary for the ordinary and useful purposes of such building. . . ."

In 1854, which was prior to the adoption of the Pennsylvania Constitution of 1874, the Supreme Court held that under the Mechanic's Lien Act of 1836, labor and materials furnished in constructing a *pavement* under a general contract that also provided for the brick and stone work in the construction of a building was a proper subject to be included in a mechanic's lien: Yearsley v. Flanigen, 22 Pa. 489. Consequently, since labor and materials for construction of a pavement were proper subjects of a mechanic's lien prior to the adoption of the Constitution in 1874, so also would have been the labor and materials for construction of a parking lot, so long as its construction was an integral part of the construction of the main improvement, such as the restaurant in the instant case. See Mellon National Bank & Trust Co. v. East Crossroads Center, Inc., 24 D. & C. 2d 128. Therefore, permitting a lien for the parking lot in question does not violate article III, sec. 7, of the Pennsylvania Constitution of 1874.

We enter the following:

532

## ORDER

AND NOW, to wit, October 13, 1965, it is ordered and decreed that the preliminary objections filed on behalf of defendant, Lance Development Co., Inc., be and the same are hereby dismissed. Said defendant shall have 20 days from the date hereof to file an answer on the merits.