## Northwood Nurseries v. Timber Hill, Inc.

*Robert T. Weninger,* for claimant.
*McCluskey & Fritz,* for owner.

WILLIAMS, P. J., January 16, 1974.—The attorney for Charles Newell and Sandra Newell, trading as Northwood Nurseries, filed their claim of a mechanic's lien against Timber Hill, Inc., owner or reputed owner, on March 4, 1972. After a copy of the claim had been served, the attorney for the owner entered his appearance as such on March 8, 1972. He then presented a petition, as the result of which the court entered an order dated March 27, 1972, discharging the lien in consideration of the deposit by the owner of $2,800 with

the court. On April 3, 1972, he filed preliminary objections to the claim, as permitted by section 505 of the Mechanics' Lien Law of 1963, Act of August 24, 1963, P. L. 1175, 49 PS §1505, sworn to by the attorney and endorsed with notice to plead within 20 days. No answer has been filed.

The attorney for the owner notified the attorney for claimant that the case had been placed on the November 1973 argument list and sent him a copy of the owner's brief, but the latter failed to respond.

On November 14, 1973, the court granted owner's petition for a rule upon claimant to show cause why the case should not be listed for argument, rule returnable on Monday, December 3, 1973, at 11 a.m., in Courtroom No. 1. A copy of the rule was mailed on November 14, 1973, to the attorney for claimant. On December 3, 1973, the return date, the court entered an order making the rule absolute, fixing the time and place for argument at 11 a.m., December 11, 1973, in Courtroom No. 1, and further providing:

"In the event the Claimant shall fail to appear and argue the case, the Court will then determine the issue raised by the preliminary objections on argument and brief of the Owner."

Since the attorney for claimant did not appear, the case now is ready for disposition.

Owner's first preliminary objection to the claim is that it fails to set forth the rendering of any labor or materials for which a lien is available under the terms of the Mechanics' Lien Law, Act of August 24, 1963, P. L. 1175, 49 PS §1101, et seq. The labor and materials which claimant did furnish are described briefly in paragraph 5 of the claim as ". . . the seeding and mulching of a ski slope at Timber Hill ski area" and, with extended detail, in the written contract dated October 30, 1971, between claimant and Eastern

Developers, Inc., a copy of which is attached to the claim as "Exhibit A."

Mechanics' liens are available only when provided by statute. At one time, the Act of April 4, 1867, P. L. 749 (No. 699), since then repealed, applicable exclusively to Chester County, provided a lien for "lime furnished, and work done, in delivering the same, for agricultural purposes, to, for, or upon, any lots, tracts, farms, or parcels of land." At present, the mere expenditure of work and materials upon land, as such, confers no right to a mechanic's lien. Rather, the current Mechanics' Lien Law provides a lien for labor and materials only when expended upon certain selective types of operation conducted upon land. Section 301 of the law, 49 PS §1301, provides:

"Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished *in the erection or construction, or the alteration or repair of the improvement,* provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500)." (Emphasis supplied)

Pertinent definitions are found in section 201, 49 PS §1201:

"(1) 'Improvement' includes any *building, structure* or other improvement of whatsoever kind or character *erected or constructed* on land, together with the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended.

". . .

"(10) 'Erection and construction' mean the erection

and construction of a *new improvement* or a substantial addition to an *existing improvement* or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof.

"...

"(12) 'Erection, construction, alteration or repair' includes:

"(a) Demolition, removal of improvements, excavation, grading, filling, paving and *landscaping,* when such work is *incidental to the erection, construction, alteration or repair."* (Emphasis supplied)

It will be seen that operations eligible for mechanics' liens fall into two classes: (1) Primary operations, erection, construction, alteration or repair of a building, structure, or improvement of the kind which is erected or constructed on land; and (2) secondary operations, including demolition, removal of improvements, excavation, grading, filling, paving, and landscaping, when such operation is "incidental" to a primary operation, that is, to the erection, construction, alteration, or repair of an improvement. It is clear that an operation, although found in the catalogue of secondary operations, is not eligible for a mechanics' lien unless it can be linked, by a connection of some sort, with a recognized primary operation. Although many types of connecting relationship are conceivable, structural, contractual, aesthetic, or utilitarian, the use of the expression "incidental to . . .", followed by the words "erection, construction, alteration, or repair," rather than by the word "improvement," strongly suggests that the legislature intended to require connection of a structural character, excluding any other type of relationship. Because of the absence of *structural* connection with any building or structure, this court, in Schwartz & Baker v. Racing,

Incorporated, 25 Monroe 125 (C.P. Monroe Co., 1967),* struck off the claim of a lien under the Mechanics' Lien Law of 1963 for grading a race track and installing drain pipe. The decision was consistent with decisions construing earlier legislation: Hamme v. Lockamy, 34 D. & C. 2d 462 (C.P. Adams Co., 1964); and Parkhill v. Hendricks, 53 Pa. Superior Ct. 9 (1913), where the court affirmed the denial of a lien for grading and sodding a yard surrounding a suburban house, then in course of construction, and for planting trees along the sidewalk in front of it. A contrary view may be found in Sweigart v. Rice-Stevens Corporation, 38 D. & C. 2d 528, 529 (C.P. Delaware Co., 1965), where the court sustained a lien under the Mechanics' Lien Law of 1963 for grading and paving a parking lot area adjacent to a restaurant in the course of construction. The reason given was that the parking lot was "an essential and integral part of the construction of the restaurant itself." Recently, the view expressed in Schwartz & Baker, supra, has received support from the decision in Sampson-Miller Associated Companies, Inc. v. Landmark Realty Company, 224 Pa. Superior Ct. 25, 30, 303 A. 2d 43, 45 (1973). There, the lower court had denied the claim of a lien under the Mechanics' Lien Law of 1963 for the following work and materials expended upon a plot of vacant ground: clearing, grubbing, excavating and grading; installing storm sewers, sanitary sewers, paving and curbing; and seeding. The lower court struck off the lien on the ground that " 'a mechanics' lien cannot attach to land; there must be a building or part of a building or some type of structure upon which a lien may attach. . . .' "

---

* Certiorari from the Supreme Court was filed on November 27, 1967. Subsequently, on June 18, 1968, appellant withdrew and discontinued the appeal.

On appeal, the Superior Court affirmed, and Judge Spaulding said:

"Here, however, we are faced with additional statutory material which governs such preliminary work and precludes the interpretation sought by appellant. 'Erection and construction' means '. . . the erection and construction of a new improvement or of a substantial addition to an existing improvement. . . .' The definitional sections go on to include within the scope of 'erection, construction, alteration or repair', the following: 'demolition, removal of improvements, excavation, grading, filling, paving and landscaping, *when such work is incidental to the erection, construction, alteration or repair.*' (Emphasis added.) The aforementioned section was intended to declare 'existing decisional law with respect to such work upon the ground . . . which is incidental to the erection, construction, alteration or repair of an improvement, as compared to such work when it is performed independently of any erection, construction, alteration or repair of an improvement, in which latter case no lien is allowed.' Comment—Joint State Gov't Commission, 1964 Report."

Accordingly, the instant claim for seeding and mulching must be stricken off for the reason that no structural connection with the erection or construction of any building or structure has been demonstrated, or conceivably could be demonstrated.

Owner's second preliminary objection that claimant failed to give the additional notice specified in section 501(a) of the law, 49 PS §1501(a), is without merit. By the express terms of the section, this notice is required of subcontractors only for claims relating to alterations or repairs, neither of which are involved in this case.

ORDER

And now, January 16, 1974, the first preliminary objection of Timber Hill, Inc., owner, to the claim of mechanic's lien filed by Northwood Nurseries, claimant, is sustained. The claim is stricken off, and the prothonotary is directed to return the deposit of $2,800 to the owner. The second preliminary objection is dismissed.

